UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SUSAN M. FITZL,

        Plaintiff,

  v.

                                 Case No. 21-cv-488-pp

ANDREW M. SAUL,

        Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 3)

      The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 2. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

      To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

      Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff's request indicates that she is not employed and she is not married. Dkt. No. 3 at 1. The plaintiff has three minor children she is responsible for supporting; she receives $100 each per month for two of the children and states that support has been ordered for the third but has not yet been paid to her. Id. The plaintiff has

1

monthly income of $1,541 from rental assistance, heat assistance and EBT. Id. at 2. She has $1,629 in monthly expenses ($725 rent, $904 other household expenses). Id. at 2-3. The plaintiff does not own her home; she owns a 2005 Chevrolet Uplander, worth approximately $1,000; she owns no other property of value; and she has $25.36 in cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $52 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that she was denied Social Security benefits for lack of disability, that she was disabled, and that the conclusions and findings of fact by the Commissioner of Social Security when denying benefits are not supported by substantial evidence and are contrary to federal laws and regulations. Dkt. No. 1 at 1-2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the

2

Case 1:21-cv-00488-SCD   Filed 04/19/21   Page 2 of 3   Document 5

Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 19th day of April, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**